09-3231-cr
Staskowski v. County of Nassau

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges,*
> PAUL A. CROTTY,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANDRÉA STASKOWSKI,

> *Plaintiff-Appellant,*

> -v.-                                                                  No. 09-3231-cv

COUNTY OF NASSAU, NASSAU COMMUNITY COLLEGE,
JOHN C. OSTLING, LINDA SUSMAN, RUTH GOLDFARB,
ESTHER BOGIN, FRAN GULINELLO, JILL COHEN, JILL
BURGREEN, ANN MUTH, SEAN A. FANELLI,

> *Defendants-Appellees.*

---

[*] The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR PLAINTIFF-APPELLANT:         Andréa Staskowski, *pro se*, Valley Stream, NY.

FOR DEFENDANTS-APPELLEES:      Julie A. Torrey, Ingerman Smith LLP, Hauppauge, NY.

Appeal from a July 16, 2009 judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

On December 22, 2005, plaintiff-appellant Andréa Staskowski ("plaintiff"), proceeding *pro se* on appeal, filed a complaint alleging that disciplinary action taken against her by defendants-appellees County of Nassau et al. ("defendants") (1) infringed her federal constitutional rights to due process and equal protection of the law, in violation of 42 U.S.C. §§ 1983, 1985, and (2) breached her contractual rights under the collective bargaining agreement between Nassau Community College ("NCC") and the Nassau Community College Federation of Teachers ("NCCFT"). On July 16, 2009, the District Court granted defendants' motion for summary judgment and denied plaintiff's cross-motion for summary judgment. This appeal followed. We assume the parties' familiarity with the remaining factual and procedural history of the case.

(i)

On January 31, 2011, plaintiff filed a motion for leave to file exhibits with her reply brief. Plaintiff's motion is denied. To the extent her exhibits are part of the District Court record, they are already part of the record on appeal. To the extent that they are not part of the District Court record, she fails to allege any "extraordinary circumstances" warranting enlargement of the record. *See Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975).

(ii)

We turn now to the merits of plaintiff's appeal. Plaintiff asserts that the District Court's judgment "foreclos[ed] [her] Constitutional guarantees to liberty and property rights." We review a district court's grant of summary judgment *de novo*, construing the evidence in the record in the light most favorable to plaintiff and drawing all inferences in plaintiff's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). Here, all of plaintiff's claims fail as a matter of law, and, in any event, she did not produce evidence sufficient to withstand summary judgment. For example, plaintiff argues that she represents a "class of one" that has been treated differently from other NCC professors, in violation of the Equal Protection Clause of the U.S. Constitution. The Supreme Court, however, has rejected the "class of one" theory of equal protection in the public employment context. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008).

## CONCLUSION

We have considered each of plaintiff's claims on appeal and find them to be without merit. Plaintiff's motion to file exhibits with her reply brief is **DENIED**, and the judgment of the District Court is **AFFIRMED.**

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3